**HAMMETT v. MONTGOMERY et al.**

No. 8420—Opinion Filed Jan. 29, 1918.

(170 Pac. 689.)

(Syllabus.)

1. **Champerty and Maintenance—Avoidance of Deed—Grounds.**

To avoid a deed because it was executed in violation of section 2259, Rev. Laws 1910, making the buying of land in suit a misdemeanor, it must be shown that the grantee had knowledge of the pendency of a suit affecting the lands conveyed by the deed at the time of the execution thereof.

2. **Same—Second Conveyance by Allottee.**

H. went into possession of land allotted to M., a minor Creek freedman, under void conveyances executed by M. during his minority. After reaching his majority, and when said lands were no longer restricted, M. conveyed the same land to Montgomery by warranty deed. Held, that said conveyance was not champertous under the authority of Murrow Indian Orphan Home v. McClendon, 64 Okla. 205, 166 Pac. 1101.

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by Hunter Montgomery and William McGirt against W. D. Hammett. Judgment for plaintiffs, and defendant brings error. Affirmed.

Cobb & Cobb, for plaintiff in error.

C. T. Huddleston, for defendants in error.

RAINEY, J. This action was filed in the district court of Seminole county, by Hunter Montgomery and William McGirt, for the recovery of 120 acres of land in said county from one W. D. Hammett, and for rents in the sum of $500, and for the cancellation of certain void conveyances of record affecting the title to the land in controversy. As a defense, the defendant Hammett alleged in substance that he was in the adverse possession of the land in controversy, claiming to be the owner thereof at the time of the execution of the deeds to the plaintiff Montgomery, through which Montgomery claimed title; that he (Hammett) had taken the rents and profits from the land for more than one year prior to the execution of said deeds to Montgomery, and since said time, and that said deeds were champertous, and therefore null and void as to him. Further answering, the defendant alleged title to the land in himself, under two certain warranty deeds executed to him by William McGirt, one on the 1st day of February, 1910, and one on the 21st day of April, 1913. By agreement at the trial the jury, which had theretofore been impaneled, was discharged, and all issues of law and of fact were submitted to the court for determination. After hearing the evidence the court made the following findings of fact and conclusions of law:

"Findings of Fact and Conclusions of Law.

"Findings of Fact.

"First. The court finds that the land in controversy was allotted to Wm. McGirt, a Creek freedman, and the patent to said land was patented to him as his surplus allotment, and that on the 1st day of February, 1910, W. D. Hammett purchased said land from Wm. McGirt through a warranty deed and recorded the same in book 11, p. 52, of the proper recording office.

"Second. That on March 22, 1910, he became the assignee of a certain lease contract between J. E. Taylor and Wm. McGirt and his mother, Katie McGirt. That the same was properly signed and entered of record in Book 1 of the Assignments, page 162.

"Third. That during all of said times the said Wm. McGirt was a minor under the age of 21 years, as shown by the rolls of the Creek Nation.

"Fourth. That on July 28, 1910, Wm. McGirt by his guardian filed an action in the district court of Seminole county against W. D. Hammett for possession of said land, and for cancellation of the deeds and lease heretofore set out, and that on the 7th day of April, 1911, judgment was rendered in the district court of Seminole county in said action, whereby the said possession was awarded to Wm. McGirt and the instruments canceled and the defendants enjoined from asserting any claim or interest under said deeds or lease, and it is further provided in said judgment that the said Wm. McGirt pay to the said defendant the sum of $125, and the defendant was to be awarded the possession of the land with reasonable rents and benefits from the occupancy of said land, which would equal $125, or until the plaintiff paid or tendered the defendant the sum of $125, and that the occupying claimant's provisions were tendered to the defendant and at that time refused, said cause being No. 1489 in said court.

"Fifth. The court finds that no writ of possession was issued on said judgment.

"Sixth. That on the 1st day·of August, 1912, Wm. McGirt executed a warranty deed to .Hunter Montgomery, which was duly recorded in Book 11, page 249; and that on September 2, 1912, a warranty deed was executed from Wm. McGirt to Hunter Montgomery, which was recorded in Book 19, page 149.

"Seventh. The court finds that on October 11, 1913, the plaintiff Wm. McGirt filed a dismissal of the proceedings then pending in said cause No. 1489, and that on January 14, 1914, the court made an order refusing to vacate the dismissal.

"Eighth. That on the 21st day of April, 1913, Wm. McGirt executed to W. D. Hammett a warranty deed, describing the land in controversy, and, the same was recorded in the register of deeds office (Book 28, page 158).

"Ninth. That W. D. Hammett has remained in possession of the lands during all of the times mentioned herein and up until the present time, claiming the ownership of the land.

"Tenth. The court finds that Wm. McGirt has not received any rents and profits from said lands within one year prior to this action, or at any time during the times mentioned herein since 1910.

"Eleventh. It is agreed by and between the parties that the rental value of the lands is $175 per annum.

"Conclusions of Law.

"The court concludes that the plaintiff would be entitled to possession and judgment for $225.

"To which findings of fact and conclusions of law the defendant excepts, and which exceptions are by the court allowed.

"Tom D. McKeown, District Judge."

Judgment was rendered in accordance with the above findings of fact and conclusions of law, from which judgment Hammett brings the case here for review..

The court's findings of fact are not seriously challenged by plaintiff in error, so the only question presented on appeal is: Did the court err in his conclusions of law?

The brief filed in this court by counsel for plaintiff in error, and also the brief filed by counsel for defendants in error, in the main, are directed to a discussion of the effect of the judgment in cause No. 1489, in the district court of Seminole county, referred to in the fourth paragraph of the court's findings of fact. The plaintiff in error contends that said judgment was not final, and did not preclude him from pleading champerty as a defense to the instant action. The defendants in error contend that said judgment finally adjudicated the rights of William McGirt and the plaintiff in error Hammett to the land in controversy, and that Hammett's possession of the land after the rendition of said judgment was as plaintiff's tenant, since under said judgment Hammett was awarded possession of the land until the plaintiff paid or tendered to him the sum of $125, or. until the rents and profits from the occupancy of said land equalled said sum of money, and that in effect this was a taking of the rents and profits by McGirt.

The specific contention of the plaintiff in error is that the deeds to Montgomery were taken in violation of section 2259, Rev. Laws of Oklahoma 1910, which reads as follows:

"Any person who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

If we assume that the land here involved was in litigation, and that McGirt was not in possession thereof at the time he executed the conveyance to Montgomery, we do not think the trial court, under the evidence in the case, erred in rendering judgment for the defendants in error. In the case of Billby et al. v. Brockman et al., 55 Okla. 714, 155 Pac. 257, this court held that:

"While a conveyance taken in violation of section 2259, Revised Laws 1910, making it a misdemeanor to buy lands in suit, would be void as against parties holding adversely to the grantee, yet it must appear that the grantee had knowledge of the pendency of the suit; and, in the absence of evidence tending to prove such knowledge, the presumption is that the grantee was ignorant of the pendency of the suit."

To the same effect is the case of Jennings v. Brown, 20 Okla. 294, 94 Pac. 557.

We have carefully examined the record in the case, and have been unable to find where any evidence was admitted or offered tending to prove that the grantee, Hunter Montgomery, had any knowledge of the pendency of any suit affecting the land in controversy, and under the authority of the above cases, we must presume that he was ignorant thereof, if in fact said suit was still pending. Likewise, the deeds from McGirt to Montgomery are not void as to Hammett, because executed in violation of section 2260, Rev. Laws of Oklahoma of 1910, making the buying of lands held in adverse possession a misdemeanor. If counsel for plaintiff in error is correct in his contention that the

lands were held adversely to McGirt by Hammett, still this champertous statute did not apply, for the reason that the grantor was a Creek freedman, and the decision of this court in the case of Murrow Indian Orphan Home v. McClendon, 64 Okla. 205, 166 Pac. 1101, is applicable. In that case, Mr. Justice Brett, speaking for the court, said:

"The purpose of Congress in placing the restrictions upon the Indians' land was to put the title where the Indian could not interfere with it, or divest himself of it, and to insure that it would remain in him, under the control of Congress and the constituted authorities. But if our statute on champerty applies to these lands, then that purpose has, in a large measure, failed. For them the Indian can put some one in possession under a void deed, as in the case at bar, and then when Congress removes his restrictions, and turns over to him what it intended should be an untainted title, this statute confronts him, and says: Any deed you make is, as against the one in possession, void until you go into court and remove this cloud that you have placed upon your title, and regain the possession that you parted with, through profligance and a void deed. Congress never contemplated that the courts, or any one else, would have to be called to its assistance to enable the owner of these restricted lands to convey by perfect title, when restrictions were removed."

The case of Miller v. Fryer, 35 Okla. 145, 128 Pac. 713, relied upon by plaintiff in error, and other cases to the same effect, were in the above opinion expressly overruled. Minority being a federal restriction, the deed executed on February 1, 1910, by McGirt to Hammett, as held by the trial court, was void, and when McGirt became of age, he had a right to convey the land to Montgomery, as he did, notwithstanding the possession of Hammett.

It is but fair to the attorneys in this case to say that this appeal was perfected before the decision was rendered in the case of Murrow Indian Orphan Home v. McClendon, supra.

The judgment of the trial court is affirmed.

All the Justices concur, except MILEY and THACKER, JJ., who concur in the conclusion, and KANE, J., who did not participate.