## RANDOLPH v. MULLEN.

No. 8695—Opinion Filed Oct. 8, 1918.

(175 Pac. 512.)

1. **Evidence — Parol Evidence — Date Expressed in Deed.**

Parol testimony is admissible to vary the date as expressed in a deed to land, when such date is in issue.

2. **Vendor and Purchaser—Bona Fide Purchaser—Outstanding Claim.**

A purchaser of land is put on inquiry as to the claim or interest of one in open and notorious possession of the same, but may purchase subject to such claim or interest as would have been discovered by diligent inquiry.

3. **Quieting Title — Title to Land — Possession—Removal of Cloud.**

In an action for cancellation of instruments affecting title to land, it is not necessary for the plaintiff to be in possession; either legal or equitable title constituting sufficient interest to authorize the plaintiff to bring the action. The removal of cloud from title may be ordered as an incident to the relief granted.

(Syllabus by Stewart, C.)

Error from District Court, Love County; W. F. Freeman, Judge.

Action by T. M. Randolph against J. S. Mullen. Judgment in favor of defendant, and plaintiff brings error. Reversed with directions.

T. B. Wilkins, for plaintiff in error.

Clinton O. Bunn, for defendant in error.

Opinion by STEWART, C. Plaintiff set up title in himself through deeds of conveyance, to land originally allotted to Annie Gibson, now Shoals, a Choctaw freedman, and asked for cancellation of deed and the record thereof made by the allottee to the defendant, and also for cancellation of the record of an affidavit made and filed in the office of the county clerk of Love county by the defendant, purporting to be a lien on the land in question. The trial court overruled demurrer to plaintiff's petition, after which defendant answered, and also asked for affirmative relief. No exceptions were taken, and no cross-error is assigned by the defendant. While the petition is crude, and barely states a cause of action, yet, under the allegations of both the parties and the evidence, we think the trial court would have been authorized to grant the relief sought by plaintiff.

It is admitted that the land in question was allotted to Annie Gibson, now Shoals. The plaintiff claims title by deed from Annie Gibson to C. P. Baker, of date September 4, 1915, duly recorded on September 7, 1915, and by subsequent deed from Baker and wife to the plaintiff, of date September 20, 1915, Defendant's claim is based on deed from Annie Gibson to him, on its face of date September 2, 1915, but not recorded until October 20, 1915. It is urged by plaintiff that as a matter of fact, the deed was not executed at the time shown, but at a time after the deed from Baker to plaintiff. It is denied by defendant that Baker conveyed the land to plaintiff for valuable consideration. Defendant further alleges that for three years prior to the bringing of this suit he had been in possession of the land, through contract with the father of said Annie Gibson made at a time when she was a minor; that the defendant was responsible for said minor freedman procuring the allotment of the land as a preferential filing, and that during the time he had been holding the land Annie Gibson was the beneficiary of the rental contract; that T. B. Huddleson had been farming the land under the defendant during such period, being in the lawful and undisputed possession of the same, deriving the benefit thereof and the revenue therefrom, said possession being at all times well known to Annie Gibson and to C. P. Baker, as well as to the plaintiff; that whatever title the plaintiff had was subject to the rights of the defendant and his tenant; that after Annie Gibson became of age, and on the 2d day of September, 1915, prior to the deed to plaintiff, said Annie Gibson conveyed the land by deed to the defendant; that the said Baker had notice of the prior execution of said deed

at the time he took his deed, and that Baker and plaintiff had notice of the prior and continuous possession of the defendant and his tenant, by reason of which the deeds from Gibson to Baker and from Baker to plaintiff were null and void, as being contrary to public policy and the statute in such cases made and provided; that by the execution of the deed made by Annie Gibson to the defendant she, after becoming of age ratified and confirmed the contract entered into by her father with the defendant and his tenant, and by her conduct ratified the same. Defendant denied that plaintiff or his grantee had ever been in possession of the land, and prayed judgment in his favor and for such other relief to which he might be entitled. The plaintiff replied by general denial. The court rendered judgment for the defendant, canceling the deed from Annie Shoals, nee Gibson, to Baker, and also the deed from Baker to plaintiff, declaring valid the deed made by Annie Gibson to the defendant, and quieting title to the land in defendant.

The evidence shows that Annie Gibson resided near Idabel in McCurtain county; that one John F. Marshall, Jr., a notary public at Idabel, was agent for the defendant in procuring the deed from Annie Gibson. The depositions of Annie Gibson were taken, wherein she testified that she told Mr. Marshall, at the time of taking the deed, that she had already conveyed the land to C. P. Baker, and that Mr. Marshall said, "That will be all right," whereupon, at his request, she executed the deed to defendant, receiving therefor the sum of $40. She testified that she had previously given C. P. Baker a warranty deed and a clear title to the land; that she did not know who had charge of the land; that she did not know whether the defendant had been in possession or not; that no rent had been paid her. The Choctaw rolls show that she was of age when she made the deed to Baker, and her majority at the time is not questioned. Counsel for plaintiff propounded the following question to her:

"Annie, how long was it after you signed the deed for Mr. Baker, you signed the deed for Mr. Marshall or Mr. Mullen?"

To which witness answered,

"Three weeks later."

The question was objected to by the defendant, and answer stricken by the court. The ruling was clearly error. The defendant had alleged the date of the deed in his pleadings to which plaintiff filed general denial. Parol testimony is competent to show the actual date of a deed when such date is in issue. 4 Enc. Ev. 174, and authorities there cited. Marshall testified that he represented the defendant in a number of land matters, particularly in the matter of procuring the deed from Annie Shoals, nee Gibson; that he paid her a consideration of $40 by draft that was cashed at the bank at Idabel on the day the deed was executed; the draft however was not offered in evidence. He further testified that as notary public he took the acknowledgment to the deed; that the date of the acknowledgment shows to be the 2d day of September, the year being left out of the acknowledgment; that he never postdated or antedated acknowledgments. He evaded saying whether or not the acknowledgment was taken on the 2d day of September, admitting that he was not positive. He did not offer the records of his office to show the date of the acknowledgment or other proof. The defendant produced no evidence showing the date of the acknowledgment. C. P. Baker testified that he purchased the land on the 4th day of September, 1915, as shown by his deed; that at the time of taking the deed he took an affidavit from Annie Gibson that she had never sold it to any one; that on that day he bought the land, John Marshall, Jr., came to him and asked if he had bought the land, and that he told Mr. Marshall that he had purchased her preferential filing of 20 acres in Love county, and that Mr. Marshall said that Simon Williams was the cause of her selling it, and that there was going to be a "nigger funeral" if Williams didn't quit interfering with his business. This testimony is not denied by Marshall. There is no evidence in the case tending to show that the plaintiff, at the time he purchased the land from Baker, had any knowledge, either actual or constructive, of any deed to the defendant. It is not disputed that the deed to the plaintiff was executed September 20, 1915, and the deed to Baker on September 4, 1915. The circumstances as well as direct testimony show that the deed to the defendant was made after the execution of the deed to Baker. In a matter of this importance, certainly so shortly after the transaction, the notary public, who was also the agent of the defendant, ought to have been able to refresh his memory from his records or otherwise, and to have given positive testimony as to the date. Because of the evident rivalry between the parties, the date is one of the first things with which the defendant and his agent would have charged their memory.

The claim of defendant that he had been in possession of the land for more than three years does not alter plaintiff's right to

judgment of cancellation in his favor. It is true that such possession was sufficient to place a purchaser on inquiry as to the character of defendant's tenure, but such inquiry diligently pursued by Baker at the time he bought the land, at most, would have disclosed the fact, pleaded by defendant, that he was in possession under rental contract with the father of Annie Gibson. Assuming arguendo that such contract was valid, Baker could have acquired title to the land from the owner subject to the rights of the defendant as a tenant or lessee. If Baker acquired title, he could make a valid conveyance of the land to the plaintiff.

The contention of defendant that our champerty statute (Rev. Laws 1910, § 2260) operated against the plaintiff is not tenable, as the defendant admits in his pleadings that he was holding the land under a rental contract of which Annie Gibson was the beneficiary. Such contention is unsound for the further reason that this court has held that the champerty statute does not apply to a conveyance of lands made by an Indian allottee. Hammett v. Montgomery, 67 Okla. 235, 170 Pac. 689; Murrow Indian Home v. McClendon, 64 Okla. 205, 166 Pac. 1101.

But the defendant contends that section 4927, Rev. Laws 1910, as amended by Sess. Laws 1910-11, c. 10, authorizing one in possession of real property to bring action to determine an adverse estate or interest in the same bars the plaintiff from relief; it being urged that the evidence does not show that plaintiff was in possession at the time of bringing the action. The action in the instant case is primarily one for cancellation. In such an action legal or equitable title without possession constitutes sufficient interest to maintain the action. In 32 Cyc. 1335, it is said:

"The general rule is that, unless some other special grounds for equitable interposition are shown, a holder of the legal title to lands must, in order to maintain an action to quiet title or remove cloud, be in possession of the land when the action is instituted. But this rule applies only where the object of the bill is purely and solely to remove a cloud on title, and not where the primary relief sought is upon other and well-established equitable grounds, and the removal of the cloud is prayed for only as an incident to the relief. Hence equity will entertain a bill to have canceled as a cloud on title an instrument, the execution of which is shown by proper averments to have been procured by fraud, notwithstanding the fact that plaintiff is out of possession."

And this court in Burckhalter v. Vann, 59 Okla. 114, 157 Pac. 1148, says:

"In an action brought to cancel a void conveyance of land, it is not necessary to allege and prove that plaintiff is in possession of the land."

As to the recorded affidavit, in which defendant claims a lien on the land, we may say that the defendant does not urge that it has any force. A lien cannot be fixed against land in such manner. The county clerk would have been justified in refusing to record the same.

The cause is reversed, with directions to grant the plaintiff a new trial, and to proceed otherwise not inconsistent with the views herein expressed.

By the Court: It is so ordered.