## CULLINS v. ELERICK et al.

No. 14980—Opinion Filed April 21, 1925.

Rehearing Denied May 26, 1925.

1. **Vendor and Purchaser — Rescission for Default of Vendee—Equitable Action and not Ejectment.**

A suit to rescind a contract and for possession of real property, based upon the ground that the vendee has not complied with the terms of the contract, which provides that the vendee shall make certain payments on the purchase price and pay the taxes and insurance before a deed shall be delivered, is an equitable action and not an action in ejectment.

2. **Same—Judgment—Offsetting Payments Against Vendor's Damages for Breach.**

The judgment, rendered in an action for the rescission of a contract, as stated in the first syllabus, which offsets the payments made on the purchase price against the damages sustained by the vendor, caused by a

breach of the contract, does not enforce a penalty in violation of section 5067, Comp. St. 1921.

**3. Same—Contract to Convey—Performance by Vendee Necessary to Acquire Equitable Title Subject to Foreclosure.**

"A contract to convey at a future time certain real estate, on the performance by the purchaser of certain acts, and the payments, etc., provided therein, does not alone create an equitable title in the purchaser, but it is only when the purchaser performs or offers to perform the acts necessary to entitle him to the conveyance that he has such equitable interest in the property, as is the subject of foreclosure." Lansford v. Gloyd, 89 Okla. 232, 215 Pac. 198.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by C. F. Elerick and A. M. Elerick against Mrs. R. B. Cullins. Judgment for plaintiffs, and defendant brings error. Affirmed.

Horton & Horton, for plaintiff in error.

Gordon Stater, for defendants in error.

Opinion by JARMAN, C. The facts out of which this suit arose are as follows:

The plaintiffs, A. M. and C. F. Elerick, were the owners of certain real estate in Oklahoma City, and, on February 22, 1919, they entered into a contract, in writing, with one Eakins to sell to him said property for a consideration of $7,200, on which $30 in cash was paid, and the balance, $7,170, was represented by a note payable in installments of $30 each on the first day of each month thereafter. At the time said contract was executed, Eakins executed a mortgage on said real estate as security for said note, and a deed was executed by the plaintiffs to Eakins, but both of said instruments, the mortgage and the deed, were retained by the plaintiff and were never delivered nor filed for record. The contract further provided that the deed was not to be delivered until forty of the 30 payments were made by Eakins on the purchase price, and that the mortgage was to be filed for record upon delivery of the deed. Said contract further provided that Eakins was to keep the property insured and to pay the taxes thereon, and if said taxes should not be paid or the insurance should not be kept up on said property, or if Eakins should fail to make any of the payments on the purchase price, the plaintiffs would have the right to declare the entire amount of the

purchase price due, and be entitled to the possession of said premises. Eakins went into possession of the premises upon the execution of said contract, and made the payments on the purchase price as stipulated therein, until September 4, 1920, when he, with the consent of the plaintiffs, assigned his interest in said contract to the defendant, Mrs. R. B. Cullins, who signed said contract and assumed the liabilities of Eakins and agreed to execute the terms of said contract, and she immediately took possession of the premises. The defendant made the payments, as they became due, on the purchase price until February 19, 1922, when she failed to make any further payments, and permitted the taxes on the premises to become delinquent. The plaintiffs then filed this action to rescind said contract and to foreclose any rights or interests the defendant, Mrs. Cullins, claimed in and to said property by virtue thereof, and for possession of said premises. The defendant answered by general denial. At no time did the defendant tender performance of the contract to entitle her to a deed or to any interest in and to said premises. At the conclusion of plaintiff's evidence, the defendant interposed a demurrer thereto, which was overruled, and the defendant declined to offer any evidence, and judgment was rendered for the plaintiffs, from which the defendant brings error.

It is necessary to consider only one assignment of error and that is the overruling of defendant's demurrer to plaintiffs' evidence.

Under this assignment, the defendant contends that this is an action in ejectment and that the plaintiffs wholly failed to prove they were the legal owners of said property. This is not an action in ejectment, but an equitable action to rescind the contract and and foreclose the claims of the defendant to any interest in the premises.

The defendant next contends that the judgment of the court enforced a penalty in violation of section 5067, Comp. St. 1921, which provides that penalties imposed by contract for any nonperformance thereof are void.

The defendant insists that the judgment of the court permitted the plaintiffs to retain all of the payments that had been made, under the contract, on the purchase price of the premises, and that this, in effect, was the enforcing of a penalty. This position is untenable, for the evidence showed, and the court so found, that the reasonable rental

value of the premises was $40 per month, whereas the amount paid by the defendant was $30 per month, which was inadequate to recompense the plaintiffs for the damages sustained by them by the withholding of the property. In other words, an accounting was had and the trial court properly offset all moneys paid under the contract against the damages sustained by the plaintiffs, and the defendant received full value for the amounts paid.

The defendant further contends that the only judgment the court was authorized to render was to foreclose the equity of the defendant in the premises and order the sale thereof for the amount due.

Under the holding of this court in an opinion by Mr. Justice Branson, in the case of Lansford v. Gloyd, 89 Okla. 232, 215 Pac. 198, the contract under consideration was only a covenant to convey the premises at some future date on the purchaser's performing certain acts, such as paying the taxes and insurance and the installments on the purchase price, and since the purchaser neither performed nor tendered preformance of these conditions, no estate ever passed to the defendant.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.