## DIXON v. OLIPHANT.

No. 17420.  Opinion Filed July 5, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

**Taxation—Resale Tax Deed—Validity— Recital as to Notice in Form of Conclusion.**

A resale tax deed reciting as to notice of the sale of the lands, the conclusion, "The same was duly and legally advertised for sale at resale for said taxes." etc., is not void on its face because of failure to recite also the doing of the prerequisite acts constituting such notice. Such deed, thus containing in substance what section 9750, C. O. S. 1921, requires as to notice, is presumptive evidence in all the courts of this state that all acts and proceedings as to notice were duly performed by the proper officers. The burden of proving any failure to give such notice is on the one attacking such deed.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Robert A. Dixon against John A. Oliphant to cancel a resale tax deed and quiet title to lands. Judgment for defendant, and plaintiff appeals. Affirmed.

A. A. Hatch, for plaintiff in error.

John A. Oliphant, for defendant in error.

MASON, V. C. J.  The parties appear in the same order as in the trial court.

The plaintiff sued the defendant to cancel a resale tax deed and to quiet title to certain lands described therein, alleging that at the time of, and for several years prior to such sale, he had been the fee-simple owner of said real estate. He alleged that the county treasurer had executed such deed to the defendant, John A. Oliphant, on a purported resale. A copy of said deed was attached to the petition, but it was alleged that said deed was void on its face for the reason that it "does not show on its face, nor contain a statement showing when, how, or where, or for what length of time the said land was advertised for sale at resale for failure to redeem from said sale for taxes."

After filing several preliminary pleadings, the defendant filed answer, alleging that he was the owner of said lands by reason of the resale tax deed pleaded by plaintiff, the original of which was attached to his answer. Said deed, among other things, contains the following clause:

"Whereas, said tract, parcel or lot of land so sold as aforesaid to said Tulsa county having remained unredeemed for a period of two years from said date of sale and no person having offered to purchase the same for the taxes, penalties and costs due thereon, the same was duly and legally advertised for sale at resale for said taxes, costs, penalties and interest accrued on same and so remaining due delinquent and unpaid, and was on the 27th day of November, 1922, by Wayne L. Dickey, the undersigned county treasurer of said county, pursuant to said advertisement, offered for sale at public auction for cash at the office of the county treasurer in the court house in and for said county of Tulsa, where by law the taxes are made payable and was then and there sold to John A. Oliphant in the manner required by law for $257.38, he being the highest and best bidder therefor, and the said sum being the highest amount bid therefor."

Said answer also contained allegations of

the specific acts which it was alleged constituted the notice as required by the statutes in the issuance of said deed. The defendant prayed that title to said lands be quie.ed in him as against the plaintiff.

When the case was called for trial, the motion of defendant for judgment on the pleadings was sustained and judgment was rendered for the defendant as prayed for. The record also discloses that while the court was considering this motion, the parties agreed that the exhibits attached to the pleadings might, by the court, be considered in evidence as the originals.

From the foregoing judgment, the plaintiff has perfected his appeal and for reversal contends that said deed is void on its face because it contains a conclusion as to the giving of notice rather than a statement in detail of the ultimate facts constituting the notice, and he relies upon certain decisions of this court which support this contention, but which have been specifically overruled by this court in the recent case of Treese et al. v. Ferguson et al., 120 Okla. 235, 251 Pac. 91.

The writer of this opinion dissented from the opinion in that case, but it is the rule in this jurisdiction now, and the instant case is controlled by the first paragraph of the syllabus, which reads as follows:

"A resale tax deed reciting, as to notice of the sale of lands, the conclusion, 'The same was duly and legally advertised for sale at resale for said taxes,' etc., is not void on its face because of failure to recite also the doing of the prerequisite acts constituting such notice. Such deed, thus containing in substance what section 9750, C. O. S. 1921, requires as to notice, is presumptive evidence in all the courts of this state that all acts and proceedings as to notice were duly performed by the proper officers. The burden of proving any failure to give such notice is on the one attacking such deed."

No contention is made that the actual notice was not given as required by the statutes but the plaintiff relies upon the recitals in the resale tax deed .

From the foregoing, we must conclude that the judgment of the trial court is correct, and the same is, therefore, affirmed.

BRANSON. C. J., and HARRISON, PHELPS. HUNT, RILEY, and HEFNER, JJ., concur.