## COX et al. v. FOWLER.

No. 18537. Opinion Filed Nov. 26, 1929.

Rehearing Denied Jan. 21, 1930.

Commissioners' Opinion, Division No. 1.

C. M. Anderson and J. W. Marshall, for plaintiffs in error.

Wilkinson & Wilkinson and Jones & Clift, for defendant in error.

REID, C. We think the material facts in this case may be stated as follows: On January 14, 1914, A. J. Peck and wife mortgaged to the City National Bank of Duncan, Okla., lots 3 and 4 in block 206 in the city of Duncan, to secure payment to the bank of a note for $2,714.14. Thereafter Peck made a deed purporting to convey these lots to his daughter, Minnie Florence Davis, but in fact the property was held in trust for the grantor.

On March 10, 1921, Peck verbally agreed to sell the lots to one J. D. Cox, for a consideration of $6,000, this to be paid by satisfaction of an account in the approximate

sum of $1,000, due by Peck to Cox, and the remaining $5,000 was to be paid by Cox to the bank in liquidation of certain indebtedness due by Peck to the bank, including a balance due on the mortgage; and upon such payment the bank was to deliver to Cox a deed by Minnie Florence Davis, dated March 10, 1921, conveying the lots to him. At the time this verbal contract was made, Cox, by agreement of the parties, went into possession of the property.

On June 22, 1922, Peck filed his petition in the district court of Stephens county against Cox, alleging the verbal agreement as to the sale of the lots to Cox as we have stated it; that Cox went into possession thereunder, but had failed and refused to pay the $5,000 to the bank; tendered the deed from Minnie Florence Davis and a release of the bank's mortgage, and asked specific performance. Cox answered admitting, in substance, the trade as alleged by Peck, but defended on the ground that he was mentally incompetent at the time, which fact was known to Peck and the officers of the bank; that the price of $6,000 for the lots was unconscionable; pleaded his account against Peck; that he had gone into possession, and that soon after the trade, he procured the material and constructed some rent houses on said property at a time when he was still in said mental condition; that the material had not been paid for; asked that the amount due by him as rental on the property be adjusted as against the account of Peck and judgment over, and that he or the persons having liens on the buildings placed on the premises have the right to remove them. And by supplemental answer he asked that in the event the contract could not be avoided without damage, he be permitted to buy the lots at a reasonable market value and have deed, as his alternate relief.

After one or two mistrials of that case, it again went to trial on October 23, 1923, and was dismissed on motion of the defendant, when it appeared that in the meantime Minnie Florence Davis had parted with title to the premises. This dismissal evidently resulted from the fact that on December 5, 1923, Mrs. Davis had deeded the lots to D. A. Fowler.

On April 22, 1924, one A. L. White got a resale tax deed to lot 3, filed it for record April 25, 1924, and the validity of that deed is in controversy here.

The present case was filed October 25, 1924, and went to trial upon a first amended petition by D. A. Fowler and the City National Bank of Duncan, Okla., wherein it was alleged that the lots were conveyed by Minnie Florence Davis to Fowler, who was the vice president of the bank, the execution of the mortgage in 1914, by Peck to the bank, covering the lots; that it was unpaid; that agreement of March 10, 1921, between Peck and Cox, whereby Cox was to buy the lots and pay the balance of the consideration therefor to the bank, and that he had refused to comply with his contract, but retained possession of the lots; that Fowler got the deed in settlement of Peck's indebtedness to the bank, and held title in trust for the bank, and that the plaintiffs were the legal and equitable owners of the property; that Cox permitted the tax on lot 3 to become delinquent, and it went by resale, and a deed was issued to A. L. White, but the deed was void on its face for reasons alleged; that it was purchased by Cox in the name of White; that each of the defendants was claiming possession of said lot under the tax deed. Possession was alleged in each defendant as to both lots, and that possession was denied to plaintiffs. Plaintiffs asked that the tax deed be canceled and removed as a cloud on their title, for judgment against each of the defendants for possession of the lots, for damages, and for all further and necessary relief to which they might show themselves entitled.

The nature of the defenses urged by Cox and White by demurrers as well as by answers and evidence is disclosed hereinafter by the discussion of their defenses.

In the trial it developed that Fowler had paid to the bank the indebtedness of Peck, thereby vesting him with a complete title, and he was permitted to amend accordingly. At the conclusion of the evidence the court discharged the jury and adjudged cancellation of White's tax deed as being void on its face; that Fowler was the owner of both lots, and awarded him possession. The defendants have each appealed.

The defendant J. D. Cox died after the appeal was filed in this court, and this action has been revived in the name of Bettie H. Cox, administratrix of his estate, and Bettie H. Cox, J. D. Cox, Jr., William T. Cox, and Robert L. Cox, his heirs.

The defendant Cox claims that the deed from Peck to Fowler is champertous as being denounced by sections 1678, 1679, C. O. S. 1921, and that thereby Fowler is prevented from recovering against him as to lot 4, because this deed is the basis of Fowler's claim

of title; the first contention being predicated upon the proposition that the deed from Minnie Florence Davis to Fowler was made and delivered while the suit by Peck against Cox was pending, and in which suit Peck sought to compel performance of the contract made between him and Cox on March 10, 1921.

We have referred to that suit and the issues involved therein as made by the pleadings of Peck, as plaintiff, and Cox, as defendant. In this connection Fowler in this case testified that he knew of the suit being filed by Peck on June 22, 1922, was a witness at both trials of the case, and knew at the time he took the deed that the suit was pending, that Cox was in possession of the property, and had made lasting improvements thereon, and that his rights therein were involved in that litigation. Under this state of facts, was the deed champertous as coming particularly within the ban of section 1678, supra? That statute is as follows:

"Any person who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

Let us see what elements are necessary to exist in the facts of this case in order to show the deed champertous: (a) It must have been made by a person not in possession of the property; (b) while the lands or tenements were the subject of controversy by suit in a court; (c) the grantee must have known of the pendency of such suit; and (d) that the grantor was not in possession of the property conveyed.

The first suit was against Cox, the defendant in this action, and the property here involved was the subject of vigorous controversy in the case, which was pending with the issues therein made when the deed was taken by Fowler, who knew these facts. Every essential element existed to make the deed champertous.

And we have held that deeds taken in the face of section 1678, supra, as here shown, are champertous and void as against the party in possession: Jennings v. Brown, 20 Okla. 294, 94 Pac. 557; Larney v. Aldridge, 31 Okla. 447, 121 Pac. 151; Jones v. S. H. Kress & Co., 54 Okla. 194, 153 Pac. 655; Brady v. McCrory, 108 Okla. 40, 233 Pac. 734; Warner v. Wickizer, 61 Okla 200, 160 Pac. 885; Hammett v. Montgomery, 67 Okla. 235, 170 Pac. 689.

However, under the holdings of this court, an action can be maintained by the grantor in such deed for the use and benefit of the grantee, or the grantor can bring an action in the name of his grantee, or the grantee can join the grantor as plaintiff with himself and maintain the action. Gannon v. Johnson, 40 Okla. 695, 140 Pac. 430; Tyler v. Roberts, 56 Okla. 610, 156 Pac. 201; Buell v. U-Par-Har-Ha, 60 Okla. 79, 159 Pac. 507; Culver v. Diamond, 64 Okla. 271, 167 Pac. 223; Harjo v. Owensby, 66 Okla. 315, 169 Pac. 875.

But that the grantee, proceeding alone as plaintiff, cannot maintain an action for possession of the property, is also established by the above cases, and many others by this court, However, we may here say that, following the holding of this court in Gannon v. Johnson, supra, after this reversal, Fowler should be permitted to amend his petition, if he requests, and join with him as plaintiffs, Peck, as the holder of the equitable title, and Minnie Florence Davis, as having the legal title at the time his deed was made by the latter.

The plaintiff attacked the resale tax deed held by White covering lot 3 on the ground that the deed was void on its face; and the court so held and canceled the same as a cloud on plaintiff's title.

The deed held by White is shown to have been made upon a form prepared by the State Examiner and Inspector. This same form of deed was held valid upon its face in the case of Hatchett v. Going, 121 Okla. 25, 246 Pac. 1100; and the following other cases sustain the same conclusion: Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91; Michie v. Haas, 134 Okla. 57, 272 Pac. 883; Wolfe v. Brooke, 133 Okla. 128, 271 Pac. 669; Cheney v. Cox, 125 Okla. 108, 256 Pac. 755; Dixon v. Oliphant, 126 Okla. 17, 261 Pac. 188.

The trial court erred in holding the resale tax deed void on its face.

It follows from the conclusions we have reached that the judgment should be reversed and remanded, with directions to the trial court to enter judgment for the defendant A. L. White on his cross-petition quieting his title to lot 3; and that the judgment for the plaintiff, D. A. Fowler, as against J. D. Cox, as to lot 4, be also reversed as to the heirs and legal representative of Cox, with direction to proceed in accordance with the views herein expressed. It is so ordered.

HALL, JEFFREY, and LEACH, Commis-

sioners, concur. TEEHEE, Commissioner, concurs in result. HERR and DIFFENDAFFER, Commissioners, dissent.

By the Court: It is so ordered.

Note.—See "Champerty and Maintenance", 11 C. J. § 45, p. 255, n. 95; § 107, p. 272, n. 90. "Taxation," 37 Cyc. p. 1439, n. 41.