**COX et al. v. FOWLER et al.**

No. 22421.   Oct. 23, 1934.

Robert L. Cox, J. W. Marshall, and C. M. Anderson, for plaintiffs in error.

Jones & Clift and Wilkinson & Wilkinson, for defendants in error.

McNEILL, J.   This action involves the rescission of an executory contract relating to the sale and purchase of certain real estate, and as an incident thereto the possession of said property on the theory that the purchaser defaulted in the terms of said contract.

It appears that A. J. Peck owed J. D. Cox the sum of $962.28 for lumber which had been furnished to Peck by Cox from May 3, 1920, to August 13, 1920; that Peck was the equitable owner of lots 3 and 4 in block 206, in the city of Duncan, Stephens county, Okla., the legal title to which was in the name of his daughter, Minnie Florence Davis; that Peck and Cox entered into an oral contract on or about March 10, 1921, whereby Cox agreed to purchase said lots for the sum of $6,000, and to credit the aforesaid lumber bill as a part payment on said contract.

Under the agreement Cox was to pay the balance of approximately $5,000 to the City National Bank of Duncan, and the bank was to apply this on the indebtedness which Peck owed to the bank. Cox went into possession of said property and erected two houses on lot 4, a five-room house on the front part of the lot and a six-room house on the rear of said lot, without obtaining a deed to said premises.

On June 22, 1922, Peck instituted a suit against Cox in the district court of said county for specific performance to require Cox to perform said agreement and to pay to the plaintiff or the City National Bank the sum of $5,100, with interest thereon at six per cent. from the date of said agreement, March 10, 1921, and other relief. In that action Peck, as plaintiff, alleged that the bank agreed with Peck and Cox to release and relinquish all claims it held against said lot in favor of Cox, upon the payment of the balance under said contract to the bank to be applied upon the indebtedness which Peck owed the bank.

It was further alleged in said petition that Peck in pursuance of said verbal agreement procured a warranty deed from his daughter, Minnie Florence Davis, executed in favor of defendant Cox, and placed the same in said bank to be delivered to Cox upon payment to said bank of the balance due under said agreement.

The defendant Cox in that action filed an answer, admitting the agreement entered into, but set up as an affirmative defense that he was mentally incompetent; that this fact was known to said Peck and the officers of the bank; that the consideration of $6,000 for the lot was unconscionable; and that he had constructed the houses in question on the property and the material had not been paid for. He prayed for the right to remove said improvements on behalf of himself and those having liens against said property, and, as an alternative relief, that he be permitted to buy the lots at a reasonable price, provided the improvements could not be removed without damages.   This action, however, was

dismissed without prejudice on October 23, 1924, being subsequent to the issuance of a tax deed on April 22, 1924, to A. L. White covering lot 3, upon the motion of defendant Cox after it had been shown that a deed had been executed on December 5, 1923, by Minnie Florence Davis to D. A. Fowler, covering the premises in question.

Within a few days after said dismissal, D. A. Fowler instituted an action against J. D. Cox and A. L. White. See Cox et al. v. Fowler, 141 Okla. 110, 283 P. 995. The City National Bank of Duncan was co-plaintiff. Plaintiffs alleged ownership in the premises, the default of performance of agreement on the part of Cox, and prayed for a judgment canceling the tax deed issued to A. L. White; the removal of same as a cloud upon the title of plaintiffs; also, for possession of said property and damages for unlawfully holding the same from December 5, 1923. That case was appealed to this court. See Cox v. Fowler (1930) supra. In that case this court held that the deed to Fowler was champertous. That cause was reversed and remanded, with directions to amend the petition so as to join with him as plaintiffs, Peck, the holder of the equitable title, and Minnie Florence Davis, the owner of the legal title. This court also upheld the resale tax deed issued to A. L. White and quieted the title of White in said lot 3.

In the instant action we are concerned only with lot 4, supra. J. D. Cox died and the action was properly revived. Cox remained in possession of said premises until his death and his widow and heirs have continued to retain possession.

After the aforesaid cause was remanded to the district court, the defendants, the administrator of said J. D. Cox, deceased, and the heirs of said decedent, filed an answer and cross-petition, alleging that the sum of $962.28, being the amount of the lumber bill, had been paid on the purchase price for said lots, and prayed that they have a lien against said property for the consideration paid by said J. D. Cox in the sum of $962.28, with interest thereon at six per cent. per annum from August 16, 1920.

The defendants, being the plaintiffs in error, present two questions: (1) That the evidence was not sufficient to support the judgment of the trial court in rendering a judgment in favor of the plaintiff against said defendants.

(2) That the court erred in sustaining the plaintiff's demurrer to the claim of the defendants for judgment for the lumber bill due by A. J. Peck to J. D. Cox, which was considered as part payment of the purchase price of said premises.

Section 7431, C. O. S. 1921 (10965, O. S. 1931), provides for a lien of purchaser of real property, to wit:

"One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back in case of a failure of consideration."

We consider the case in question equitable in its nature. It is essential to rescind the contract before possession of said premises may be obtained. See Cullins v. Elerick, 110 Okla. 132, 236 P. 886.

The record admits equities in favor of the defendants. The answer of the defendant Cox filed in the case of Peck v. Cox, supra, was introduced in evidence by the plaintiffs, defendants in error herein, which answer points to the mental incapacity of Cox, a fact known to Peck and the officials of the bank as indicative of the reason why Cox refused to consummate the contract. The contract between Peck and Cox was valid. Unquestionably, the lumber bill in the sum of $962.28 was considered as a part payment on the contract which Peck had entered into with Cox.

It was alleged by Peck in his action against Cox for specific performance that Fowler, by reason of the liquidation of the indebtedness of Peck, had been subrogated to all the rights that Peck had to said contract. All the defaults are not to be measured against Cox. A resale tax deed appears to have been issued by reason of the delinquency of taxes for the year 1920, while the contract of purchase for the lots in question was not entered into until March 10, 1921, at which time the taxes for the year 1920 were due. It was not consistent with the rights of Cox for Peck to part with title to Fowler on December 5, 1923, without an adjudication of the rights of Cox in the premises. When Peck dismissed his action for specific performance against Cox on October 23, 1924, there had been no adjudication of any rights of Cox in the premises by virtue of his contract to purchase.

The vendee under an executory contract for the sale of real estate is entitled to an equitable lien upon the land for the amount

he has paid upon the purchase price where the contract fails and the vendee is not at fault. See Simmons v. Harris, 108 Okla. 189, 235 P. 508; Akers v. Brooks, 103 Okla. 98, 229 P. 544.

In the case of Akers v. Brooks et al., supra, this court in the third paragraph of the syllabus announced the following rule:

"Equity treats things agreed to be done as actually performed, and where real estate is sold under valid contract, and the deed executed and placed in escrow, to be delivered at a future date on payment of the purchase money, the equitable title passes at once to the vendee, and such equitable title is sufficient to support an action under the provision of section 466, Comp. Stat. 1921, to determine title and for possession."

It is our view that the amount of the lumber bill should be credited to Cox. The amount of the credit under the agreement covered both lots 3 and 4, though we are only concerned in the instant case with lot 4. By reason of the failure of compliance with the terms of said contract on the part of Cox, the plaintiff should be entitled to the possession of the premises in question, and the defendants should be required to account to plaintiffs for a reasonable rental, exclusive of improvements, in withholding the premises from the date of said contract March 10, 1921. The defendants should be entitled under their cross-petition to whatever balance remains from the lumber bill after deducting the aforesaid reasonable rental value, and to have a lien against said premises for said amount. The cause is reversed and remanded for further proceedings not inconsistent with the views herein announced.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.