**CONTINENTAL OIL CO. v. BEAN et al.**

No. 23516.    Dec. 18, 1934.

Rehearing Denied March 5, 1935.

W. H. Zwick, for plaintiff in error.

G. A. Chappell, for defendant in error.

PER CURIAM. The Continental Oil Company, as successors in interest to Marland Refining Company, brought this action against F. A. Bean and Germaine S. Bean, his wife, to quiet title by canceling contract for deed and possession and foreclose defendants of any rights under said contract.

The Marland Refining Company entered into a contract with the defendants to execute and deliver to defendants a good and sufficient deed to property in Ponca City upon the strict, exact and punctual performance by said defendants of the covenants and agreements contained in said contract.

The contract was made September 15, 1925, and provided for the payment of $1,500 by defendants upon the execution and delivery of the contract, and payments of $80 per month by said defendants, beginning on the 5th of October, 1925, and a like sum on the first day of each and every month thereafter until $8,500, with interest at 6 per cent. per annum, had been fully paid.

The defendants entered immediately into possession of the property and used and occupied the same up to and until about the 29th day of December, 1929; and during said use and occupancy said defendants made 50 of the $80 monthly payments, and in addition thereto paid for sidewalk on the property which was ordered in by the municipality of Ponca City, in the sum of $115; plumbing $40; carpenter work $75; new roof $350; shades, which were left in the house, $75; electric fixtures $125; painting $195; landscaping $350; and the last half of 1928 taxes on the property in the sum of $48.87.

On July 1, 1929, the plaintiff purchased the above-mentioned contract from the Marland Refining Company, and became the owner thereof.

The contract provides that defendants were to make or construct no additional improvements, buildings or structures upon the real estate during the term of the contract without first having obtained from the first party its written consent thereto, and its approval of all plans and specifications of any such improvements, etc.; and to make and construct any and all such improvements, etc., upon said real estate above described at said second parties' sole and entire cost and expense, and in the event said second parties shall, for any reason whatsoever, forfeit their rights and interest under and by virtue of the contract, all such improvements, etc., made and erected upon said real estate shall attach to the land and become part and parcel thereof, and said second parties shall forfeit all their right, title and interest in and to such improvements, etc. The contract in its entirety is valid, and defendants cannot recover of plaintiff any part of the money paid or expended for such improvements, etc.

The contract also provided that in case of default by second parties, all payments of or on the principal sum, interest and taxes, made by second parties, shall be deemed and held to have been payments of rent for the use and occupancy of the property; and, in case of such default, second parties shall then be agreed to have been from the beginning of the contract the tenants of the first party. There is a stipulation as to the facts in this case, in which the plaintiff agrees that the rental value of the property is $85 per month, and, as a matter of calculation during the use and occupancy by defendants, would amount to the sum of $4,250; however, plaintiff also stipulates that it was paid the sum of $5,500 on principal and interest, and that defendants paid for sidewalk ordered in by the city of Ponca City in the sum of $115, and that defendants paid the last half of 1928 taxes on the property in the sum of $48.87.

The plaintiff by its stipulation as to facts admits that it received more than the rental value of the property in payments on principal sum of contract, interest, sidewalk ordered in by the city of Ponca City, and taxes, but contends that under the terms of the contract it is entitled to retain this excess payment.

The plaintiff, after the case had been submitted to the court, asked leave to withdraw that part of the stipulation regarding the rental value of the property, but the trial court refused to let the plaintiff do so; then plaintiff asked leave to file in the case an amended petition which would have changed the cause of action of the plaintiff, and the court refused leave to the plaintiff to file such amended petition.

This is an equity case, and since plaintiff has stipulated that it received more money on principal and interest and payment by defendants for sidewalk ordered in by the city of Ponca City and for taxes than the rental value of the property, it should not be permitted, as a matter of equity, to retain this excess payment; and the judgment of the lower court, in all particulars, is affirmed. Cullins v. Elerick, 110 Okla. 132, 236 P. 886.

The Supreme Court acknowledges the aid of attorneys Walter G. Wilson, Clyde L. Andrews, and John Embry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Andrews and Mr. Embry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.