PILAND v. CRAIG.

No. 31455.  Dec. 19, 1944.

*154 P. 2d 583.*

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Blanton, Curtis & Blanton, of Pauls Valley, for defendant in error.

DAVISON, J. This is an action filed September 24, 1942, by E. F. Craig, hereinafter called plaintiff, against R. B. Piland et al., to quiet title to the real estate involved herein. Plaintiff made several parties defendants and it was alleged that the particular defendant, R. B. Piland, claimed some right, title, interest, or estate in the property, the exact nature of which was alleged to be unkonwn to plaintiff. Judgment was for plaintiff quieting title to the premises involved, and R. B. Piland, hereinafter referred to as defendant, alone appeals.

The defendant filed an answer and cross-petition wherein he alleged he claimed an interest in the property described as the "Northeasterly 58 feet of Lot Six (6), and the Northeasterly 50 feet of Southwesterly 50 feet of Lot Seven (7), Block 132, Pauls Valley,

Oklahoma." Defendant claimed an interest in the property by virtue of a contract, undated, signed by Mrs. Mabel Land and defendant, acknowledged by defendant on August 4, 1941, and filed for record on the same date. Mabel Land was not a party to this action. Defendant alleged that under the terms of the contract Mabel Land agreed to sell the real estate involved herein to defendant, upon consideration of defendant assuming a mortgage existing against said premises in the amount of approximately $1,400 plus the title to and delivery of a new Oldsmobile coupe with new radio and heater installed. In his answer defendant specifically denied that plaintiff was an innocent purchaser of the property, and alleged that plaintiff had purchased said property with knowledge of contract, and then asked that his contract be sustained. Defendant also by cross-petition pleaded that he had spent considerable money in obtaining the automobile in order to complete his part of the contract, and that he was ready and willing to deliver same, when plaintiff purchased the property with knowledge of the then existing contract above referred to. Defendant then prayed for judgment against plaintiff in the sum of $1,000 as damages.

Thereafter the plaintiff filed his reply, which was in the nature of a general denial.

Tt the trial plaintiff introduced evidence to prove the execution and delivery of a deed to him dated August 11, 1941, by Mabel Land, who was the then record owner of the premises involved herein. Plaintiff also testified that he was in possession of the real estate and had been in possession thereof since the execution and delivery of the above deed. The evidence disclosed that at the time of the institution of the action the plaintiff had contracted to sell the property to a third party who was then in actual possession of it by virtue of the contemplated purchase, and that the contract and papers evidencing said sale were in escrow and had not been de-

livered. That under the conditions of the escrow agreement, plaintiff was to deliver to the purchaser a merchantable title thereto, and that the present litigation was instituted to clear the title as a necessary preliminary to the consummation of the sale. Plaintiff testified that he held the legal title and that he had entered into the contract whereby he had agreed to sell the property to the purchaser for a stipulated consideration upon the title to the premises being made merchantable.

At the conclusion of plaintiff's evidence the defendant demurred thereto, and the demurrer was overruled. The defendant elected to stand upon the demurrer, and the court entered judgment for the plaintiff quieting his title to the premises.

The defendant presents three assignments of error, as follows:

"(3) The court erred in overruling the demurrer of the defendant, R. B. Piland, to the evidence of the plaintiff.

"(4) That the court erred in rendering the judgment in the case for the plaintiff, E. F. Craig, and against the defendant, R. B. Piland, for the reason that there was no evidence at all even tending to show the invalidity of the defendant's contract of purchase of real estate involved.

"(5) That the decision is not sustained by sufficient evidence and is contrary to law."

The defendant argues that under 12 O.S. 1941 § 1141, as applied to the above facts, the plaintiff was not in actual possession of the property and was not the proper party to maintain the action. In support of his argument defendant relies on the following cases: Cox v. Fowler, 169 Okla. 355, 37 P. 2d 291; Akers v. Brooks, 103 Okla. 98, 229 P. 544; Moore v. Barker, 186 Okla. 312, 97 P. 2d 776; Schock v. Fish, 45 Okla. 12, 144 P. 584.

The case of Cox v. Fowler, supra, holds that where realty is sold under valid contract and deed is placed in escrow to be delivered upon payment of purchase money, equitable title passes at once to vendee.

The above case is not helpful to defendant. The legal title was still in plaintiff. The other cases cited by defendant are not in point for the reason that they involve situations where the plaintiffs had conveyed all of their interest in the property.

In the case at bar plaintiff alleged that he was the owner of the property and in possession thereof. He proved that he was the legal owner of the property and that the vendee was in possession of the premises by permission of plaintiff pending and subject to the final consummation of the sale. The plaintiff, being the legal owner of the property, was a proper person to maintain the action.

The defendant next contends that the court erred in rendering judgment for plaintiff and against the defendant for the reason that there was no evidence tending to show the invalidity of defendant's contract of purchase. Defendant therein assumes that this burden was on plaintiff. This court has repeatedly held that in an action to quiet title, petition alleging that plaintiff is the owner and in possession of realty in controversy and that defendant is claiming some right, title or interest therein adverse to plaintiff, which claim is a cloud on plaintiff's title, is sufficient to state a cause of action. McGrath v. Majors, 179 Okla. 500, 66 P. 2d 915; Turner v. McNeal, 118 Okla. 238, 247 P. 39.

In an action to quiet title plaintiff establishes his case when he alleges and proves that he is the owner and in possession of the premises.

The defendant having asked for affirmative relief, the burden was upon him to prove the relief to which he was entitled. In a suit to quiet title, where the plaintiff is vested with the legal title, the burden is cast upon the defendant to establish his interest in the property. 44 Am. Jur. pg. 67, § 83.

Under the general rule of procedure, where the defense to an action is of an affirmative nature, the defendant becomes the proponent, and has the burden to bear, has the onus of proof as in a new cause of action. Tradesmen's National Bank of Oklahoma City v. Harris et al., 145 Okla. 54, 291 P. 38.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur.