STATE ex rel. COMMISSIONERS of LAND OFFICE v. PROCK et al.

No. 31655. May 8, 1945.

158 P. 2d 710.

388

State of Oklahoma on relation of Commissioners of Land Office, mortgagee, recovered a personal judgment by default against J. L. Brady and Della May Brady, makers of a note and mortgage, and E. S. Prock, remote grantee of the mortgaged premises.

In pursuance of a hearing on the petition of E. S. Prock to vacate or modify filed on May 29, 1943, the court modified the judgment in that the personal judgment therein against said Prock was set aside, and it is from this order of the court this appeal is prosecuted.

It is urged on behalf of plaintiff in error that the trial court has jurisdiction of the parties and the subject-matter and its judgment being within the issues is final, on authority of Weldon v. Home Owners Corporation, 193 Okla. 167, 141 P. (2d) 1010. It is further urged that the method pursued herein is an effort to retry the case on the very fact presented and finally decided, which is condemned by this court in Caraway v. Overholser, 182 Okla. 357, 77 P. (2d) 688.

On behalf of defendant in error it is contended that the petition in foreclosure did not allege sufficient facts to warrant a personal judgment, and that under 12 O. S. 1941 § 269, he is not deprived of his right in the premises by reason of his failure to demur or answer thereto; that for want of a pleading to sustain it the said judgment is void or at least voidable, and that if void, same, by reason of 12 O. S. 1941 § 1038, can be vacated at any time, and that if voidable and thus coming within 3rd subdivision of 12 O. S. 1941 § 1031, same by reason thereof can be vacated on petition filed within three years as was done herein.

The issue turns upon the sufficiency of the petition to state a cause of action entitling plaintiff to a personal judgment against defendant Prock.

The petition in foreclosure alleged the execution of the note and mortgage by defendant Brady and default in pay-

Walter Marlin and W. D. McBee, both of Oklahoma City, for plaintiff in error.

H. C. Ivester, of Sayre, for defendant in error E. S. Prock.

GIBSON, C.J. This is a foreclosure action wherein, on June 27, 1940, the

ment as basis for recovery against them, and as the sole basis for recovery of personal judgment against defendant Prock there is stated therein the following:

"Plaintiff further alleges and states, that subsequent to the execution and delivery of the mortgage above set out, the defendant, E. S. Prock, purchased the real estate herein involved from Chas. R. Berkley·and Eula Berkley, husband and wife, who executed and delivered to said purchaser their certain warranty deed in writing dated January 9, 1936, which said defendant did accept, wherein grantors conveyed said real estate to said defendant, and wherein it was recited that the said real estate was subject to plaintiff's mortgage which the grantee in said deed thereby assumed and agreed to pay;"

12 O. S. 1941 § 264 prescribes that the petition "must contain":

"Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

The sufficiency of the petition to state a cause of action is to be ascertained by accepting ·the allegations thereof as true and applying the law thereto. If upon such application the plaintiff is entitled to relief, a cause of action is stated, otherwise not. Moore et al. v. Porterfield et al., 113 Okla. 234, 241 P. 346; Westheimer et al. v. Byrne, 110 Okla. 107, 236 P. 589. From this it follows that it is necessary to allege each fact which plaintiff would be required to prove in order to recover. The rule is thus stated in Garrett v. Louisville, etc., R. Co., 235 U. S. 308, 312, 35 S. Ct. 32, 59 L. Ed. 242:

"Where any fact is necessary to be proved in order to sustain the plaintiff's right of recovery, the declaration must contain an averment substantially of such fact in order to let in the proof."

And that in the instant case we are confined to the allegations of the petition for all of the facts supporting the judgment is especially true by reason of same being a default judgment, because, as we declared in International Harvester Co. of America v. Cameron, 25 Okla. 256, 105 P. 189:

"Facts not alleged, though proved, cannot form the basis of a decree or judgment by default."

The law which, if applicable, gives rise to plaintiff's right to recover personal judgment against defendant Prock is declared in 15 O. S. 1941 § 29, as follows:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

In order to state a cause of action under this section it would be necessary to allege that the assumption by Prock of such indebtedness was for the express benefit of the plaintiff or else allege facts from which same would be necessarily inferred by law.

In this case such is not pleaded and the facts that are pleaded do not give rise to a legal inference thereof. Even if we assume that the quoted words "which the grantee in said deed thereby assumed and agreed to pay" were designed as an allegation rather than a recital of the deed's contents, the same, expressly, is only for the benefit of the grantor in the deed, and thus standing alone affords no basis for the contention that same was for the express benefit of the plaintiff who, for aught that appears, had no contractual relation with Prock.

In Page v. Hinchee, 174 Okla. 537, 51 P. (2d) 487, 490, we said:

"It is true section 9409, Okla. Stats. 1931, provides that:

" 'A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it.'

"But the plaintiff in this case does not come within the range of this statute, because there is no evidence, other than the mere presence in the deed of the assumption clause, that the assumption clause was inserted in the Clarendon deed expressly for the benefit of the plaintiff. Beardsley v. Stephens, 134 Okla. 243, 273 P. 240, 243; Fry v. Ausman, 29 S. D. 30, 135 N. W. 708; Chung Kee v. Davidson, 73 Cal. 522, 15 P. 100.

"This court said, in Beardsley v. Stephens, supra, that:

"Before a third party should be allowed to adopt an agreement · entered into for his benefit, it is incumbent upon said third party to show that it was the intention on the part of the parties to the contract that the third party should be benefited thereby. The mere assumption clause in a deed having for its purpose the indemnity of the grantor will not be sufficient to show such an intention. But said third party seeking to take a benefit under said clause assumes the burden of showing that, at the time of entering into the contract, it was intended to be ·for the benefit of said third party."

It is manifest that in the instant case there is lacking sufficient allegations to entitle plaintiff to a personal judgment against defendant Prock, and that the trial court did not err in modifying said judgment.

It appears from the record that the deed through which Prock obtained his title provided that the title conveyed was subject to the mortgage of the plaintiff, but contained no words of any assumption of the payment thereof.

The judgment of the trial court is affirmed.

RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., and CORN, J., concur in result.