## AMOSKEAG SAVINGS BANK v. KENDALL et al.

No. 33242.   Oct. 4, 1949.
Rehearing Denied Jan. 10, 1950.

*213 P. 2d 462.*

Jas. W. Rodgers and C. H. Baskin, both of Holdenville, for plaintiff in error.

Turner & Turner, of Holdenville, for defendants in error.

LUTTRELL, J. In this action plaintiff, Amoskeag Savings Bank, sought to quiet its title to 75 acres of land in Hughes county against defendants, R. E. Kendall, Katie Kendall, his wife, and others. From a judgment holding that the named defendants were the owners of certain mineral interests in and under the land involved, plaintiff appeals.

Essential facts, which are undisputed, the these: R. E. Kendall acquired title to the land involved on August 29, 1918. Thereafter, on November 30, 1918, he sold certain mineral interests which are not in dispute. On the same date he and his wife Katie conveyed the land to Robert T. Lee, reserving one-half of the oil and gas under the south 35 acres of the tract and one-fourth of the solid minerals under the entire tract. Lee made three mortgages on the land. After these mortgages had been made by Lee, Robert E. Kendall, on June 13, 1924, deeded to A. A. Green all his interest in the oil, gas, and other minerals in and under the south 35 acres of the land. The deed from Kendall to Green was made and recorded subsequent to the mortgages, but prior to the commencement of any action to foreclose any of them.

Three suits to foreclose the three mortgages made by Lee were filed in the district court of Hughes county. In one, No. 4722, Commerce Trust Company, a corporation, was plaintiff and Green and the other purchasers of mineral interests were made defendants, and all except Green filed answers setting up their interests in the minerals. Green, though served with summons, did not appear or plead. In another foreclosure action, No. 4661, National Bank of Commerce, a corporation, was plaintiff, and Lee and R. E. Kendall were the only defendants. The appearance docket of the district court contains a notation that case No. 4722 was consolidated with No. 4661. However, the journal entry of judgment in No. 4661 does not reflect the rendition of any judgment on the note and mortgage sued on in No. 4722, but was a judgment in favor of the plaintiff in that action against Lee and Kendall

on the note and mortgage sued upon in No. 4661. So far as the record shows, no judgment was ever rendered on the note and mortgage sued upon in No. 4722. It is therefore clear that Green was not divested of his mineral interest by either of these foreclosure proceedings.

In the third and last foreclosure proceeding, brought by plaintiff as the holder of the first mortgage on the land involved, the journal entry of judgment expressly excepts the interests of the mineral owners, including Green, from foreclosure and sale, and the sale of the property was made subject to their interests and rights. After the judgment and sale in this last foreclosure proceeding Green conveyed his interest in the minerals under the south 35 acres to Katie Kendall.

Plaintiff contends that Green was divested of his mineral interest by the judgment and sale in No. 4661. But, as pointed out above, the judgment in that case was rendered only against Lee and Kendall, and the trial court did not attempt to adjudicate the rights of the holder of the mortgage involved in No. 4722. Neither Green nor the other holders of mineral interests were parties defendant in No. 4661. The sale proceedings refer only to the defendants Lee and Kendall, and the sheriff's deed, after describing the property conveyed, concludes the granting clause as follows: ". . . and all the right, title and interest and equity of redemption of said defendants, Robert Lee and R. E. Kendall, in and to said premises." Thus it appears that the interests of the owners of the minerals were not affected or divested by the judgment and sale in cause No. 4661, and that the interest of Green vested in Katie Kendall by his conveyance to her, and is now owned by her.

As to the interest of R. E. Kendall in the property, from the record it appears that unless his interest was divested by the judgment and sale of the property in cause No. 4661, he is still the owner of that interest, except such as he deeded to Green, since he was not made a party to the third mortgage foreclosure proceeding, cause No. 8649, and no judgment was taken in cause No. 4722.

Examination of the record discloses that nowhere in the petition in cause No. 4661 was the mineral interest reserved in the property by Kendall at the time of his conveyance to Lee mentioned, nor was there any mention of such mineral interest in the proceeding. It appears that the plaintiff in that case, from the allegations of its petition, sued Lee as the owner of the property, and Kendall as merely the endorser on his note. Neither in the judgment, order of sale, nor any other part of the proceeding, does it appear that the mineral interest of Kendall was attempted to be foreclosed.

In State ex rel. Commissioners of Land Office v. Reynolds, 201 Okla. 400, 206 P. 2d 184, we held that a judgment attempting to foreclose title or interest prior and paramount of record to the mortgage, without any reason for subjecting them to the lien of the mortgage being alleged or shown, was void as beyond the jurisdiction of the court, and could be set aside and vacated at any time. Under this holding, the reserved mineral interest of Kendall was not affected by the judgment in cause No. 4661, and he is still the owner thereof.

It appears that the judgment of the trial court finding that Kendall was the owner of an undivided one-eighth of all minerals, other than oil and gas, under the south 35 acres of the tract, was erroneous, as this interest was conveyed by Kendall to Green and later by Green to Katie Kendall. However, in the brief of defendants in error, R. E. Kendall and Katie Kendall, it is stated that Katie Kendall waives any objections to this part of the decree vesting the title to such one-eighth interest in her husband, and asks that

the judgment of the trial court be affirmed.

Affirmed.

Rehearing Denied Jan. 10, 1950.