BATES et al.

v.

OLD MAC COAL CO. et al.

No. 35798.

Supreme Court of Oklahoma.

May 25, 1954.

George & George, Ardmore, Richardson, Cochran, Dudley, Fowler & Rucks, Oklahoma City, Clint Braden, Wilburton, for plaintiffs in error.

Bob Perdue, Wilburton, for defendants in error.

CORN, Justice.

In 1918 Emma Arnall and Elizabeth MacFate resided in Washington, D. C., where they were government employees. They had acquired the land (80 acres) herein involved by government patent, issued on behalf of the Chickasaw and Choc-

taw Indian Nations, conveying fee-simple title subject only to the government's reservation of the coal and asphalt rights in the land. December 24, 1918, the patentees conveyed the land by warranty deed to J. J. Noah, the deed containing the following reservations:

"The Grantors herein, however, further reserve, for themselves, their heirs, assigns or legal representatives, all the Oil, Gas and Other Minerals, not reserved by the Government, with the right of egress and ingress for the purpose of prospecting, developing and operating for such mineral, compensation for damage to the surface of growing crops to be determined and collected in the manner as provided in the regulations promulgated by the Government."

In January, 1922, J. J. Noah and wife conveyed to one Lessel by warranty deed which made no mention of the mineral reservation. On March 15, 1933 the Lessels executed warranty deed likewise without recognition of the prior mineral reservation, to C. P. Holbird.

July 26, 1937, Holbird sued the original patentees to quiet title to the land, alleging their claim of ownership of the minerals constituted a cloud upon his title. The petition alleged only that their claim of ownership arose by virtue of the reservation contained in their deed to J. J. Noah, " * * but that said claim of said defendants and each of and all of them, are in fact void and the said defendants * * * have no right, title, interest, estate or valid claim in or to said real estate, * * *." Plaintiff attempted to secure service upon defendants by publication and copies of the petition were sent by registered mail addressed only to each party in Washington, D. C., although at that time both were government employees listed in the civil service directory in that city. The letters were returned unclaimed.

In September, 1937, default judgment was entered against defendants, decreeing that they had no right, title or interest in the mineral rights under the reservation contained in their deed to Noah, and quieting plaintiffs' title. Neither of the defendants had knowledge of the action or that any judgment had been rendered against them. Emma Arnall died in 1941 and her interest passed to her sister and sole heir, Kate Bates, one of the defendants herein.

September 6, 1949, the present action was filed against the named defendants, and numerous other parties, again seeking to quiet title. The plaintiffs are the heirs of C. P. Holbird, who claim an undivided half of the mineral rights by virtue of a reservation thereof contained in a deed to one in the chain of title. The corporate plaintiff, Old Mac Coal Company, claims ownership of the surface and the remaining half of the mineral interest under various conveyances from parties appearing in the chain of title subsequent to the patentees' deed to J. J. Noah.

During November 1949, plaintiffs' counsel wrote defendant MacFate in Washington, D. C., advising her of having examined an abstract of title showing the original reservation of the mineral rights, but that such rights had been divested by the quiet title judgment. The letter inquired whether she was the party named in the patent, and whether she would sell her undivided half interest, although mentioning that the present action had been filed in behalf of the Holbird heirs seeking to quiet their title to the mineral rights.

Plaintiffs alleged themselves to be the heirs at law of C. P. Holbird, as to whose estate there had been neither administration nor determination of heirs; that their title in the land was paramount to every claim of title asserted by any party defendant, and sought judgment judicially determining the heirs of C. P. Holbird, the proportionate share of each, and a decree quieting their title therein as against any and all claims. Service was had upon defendants, plaintiffs in error herein, by publication.

Defendants answered by general denial and affirmative plea of ownership herein based upon government patent, followed by the conveyance wherein they retained the mineral rights by reservation; that neither patentee had divested herself of title by any subsequent conveyance, and in October, 1949, had executed an oil and gas lease to

the Superior Oil Company. By cross-petition defendants alleged execution of oil and gas leases by some of plaintiffs, asked that additional parties defendant be joined, and that all claims asserted by others claiming adversely to them be adjudged inferior and that their own title be quieted.

Plaintiffs filed answer to the cross-petition pleading the judgment in the original suit as having divested defendants of any rights or interest in the land, that such judgment barred and estopped defendants from any claim of title and was res judicata and a bar to any cause of action attempted to be asserted by defendants.

Defendants replied by pleading the invalidity of the former judgment, asserting same was void because the allegations of the petition, upon which the judgment was based, that the mineral reservation in the patentees' deed was void, was merely a conclusion of law and not a pleading of the ultimate facts sufficient to sustain a judgment rendered by default.

After hearing, and having taken the case under advisement, the trial court rendered judgment determining the heirs of C. P. Holbird and quieting title to this land in the heirs as to half the minerals, and title to the surface and remaining half of the minerals in the corporate plaintiff, and denied defendants the relief sought under their cross-petition. No other defendants against whom judgment was rendered appear in this appeal.

Defendants present the following proposition as grounds for reversal of the judgment.

"Plaintiffs' petition in the former quiet title suit was insufficient to support the judgment rendered in that case, purporting to divest Miss Arnall and Miss MacFate of all interest in the subject property; and that said former judgment is therefore void on the face of the judgment roll."

The supporting argument is based upon the principle that the simple allegation in the petition that the reservation of minerals (contained in patentees' deed) was void, without anything further, was merely a conclusion of law and insufficient to support a default judgment.

"Conclusions" are defined as terms which do not delineate facts and go no further than reciting the pleader's reactions to, or the inferences which he may draw from, certain undisclosed facts. See 8 Words and Phrases, Conclusion of Law, page 555; Baker Community Hotel Co. v. Hotel & Restaurant Employees, etc., 187 Or. 58, 207 P.2d 1129. It is an elementary principle that pleadings should allege the ultimate facts which are to be established, and not mere legal conclusions. The general rule is stated in 71 C.J.S., Pleading, § 14, as follows:

"A pleading which depends on conclusions of law, without properly stating the facts on which they are based, is fatally defective. In other words, a conclusion of law cannot obviate the necessity of setting out essential facts."

Recognition and uninterrupted application of the rule in this jurisdiction may be observed from the early case of Smith v. S. Kaufman & Co., 3 Okl. 568, 41 P. 722, and later in International Harvester Co. of America v. Cameron, 25 Okl. 256, 105 P. 189, and Hoover v. Board of Com'rs of Garvin County, 157 Okl. 225, 13 P.2d 207.

The defendants also cite and rely upon the following recent decisions of this court. State ex rel. Com'rs of Land Office v. Prock, 195 Okl. 387, 158 P.2d 710; State ex rel. Com'rs of Land Office v. Reynolds, 201 Okl. 400, 206 P.2d 184; State ex rel. Com'rs of Land Office v. Brinkman, 202 Okl. 225, 211 P.2d 801; Amoskeag Savings Bank v. Kendall, 202 Okl. 311, 213 P.2d 462; Hester v. Watts, 203 Okl. 97, 218 P.2d 641. All of these cases are to the general effect that, in a mortgage foreclosure case, where the plaintiff seeks to bring within the trial court's jurisdiction and litigate an interest or title which, upon the face of the record is a paramount title, the plaintiff *must* allege the facts upon which he bases the alleged right to have his mortgage decreed to be a lien upon such paramount title.

The plaintiffs insist such cases are inapplicable here for the reason that fore-

closure actions and quiet title suits are not analogous. For reasons hereinafter appearing it is unnecessary to deal at length with the argument presented by plaintiffs in this connection.

Plaintiffs' argument in support of the trial court's judgment is bottomed upon the proposition that the petition to quiet title in the original action complied with the requirements enumerated in 12 O.S.1951 § 1141, in that it alleged: (1) Ownership; (2) possession; (3) defendants' claim of an adverse interest; (4) that such claim clouded plaintiff's title; (5) plaintiff was entitled to a decree quieting title against such claim.

Plaintiffs rely upon certain decisions from this court to the effect that all that is necessary in a suit to quiet title is to fulfill the enumerated statutory requirements, it being unnecessary to set forth wherein any adverse claims are invalid. See McGrath v. Majors, 179 Okl. 500, 66 P.2d 915; Piland v. Craig, 194 Okl. 666, 154 P.2d 583. Examination of these cases, as well as others cited in plaintiffs' brief, reflects that in each instance there was placed in issue for the trial court's determination the nature of the adverse interest alleged to be a cloud upon the title sought to be quieted. The nature of the asserted invalidity was presented both by the pleadings and the evidence and actually was determined by the trial court. With this in mind it becomes apparent that the argument advanced, and the cases cited in support thereof, cannot be conclusive of the question presented by this appeal.

We are of the opinion the controversy must be resolved in defendants' favor for the following reasons. The warranty deed from the patentees to J. J. Noah contained an absolute reservation of the mineral rights in and under this land. Under the provisions of 16 O.S.1951, § 16, the filing of the deed for record was constructive notice of the contents thereof as respected subsequent purchasers in the chain of title. Johnson v. Farmers' Union Co-op Royalty Co., 205 Okl. 478, 238 P.2d 831. Holbird, the plaintiff in the original action having pleaded in his petition to quiet title a document which thus shows an outstanding paramount title, plaintiffs necessarily had to plead and prove facts which would foreclose or defeat the outstanding and paramount title, since it was required that the ultimate facts be shown.

However, the plaintiffs plead no facts, and since defendants made no appearance and the judgment against them was by default, it is plain no determination was made of the facts respecting the alleged invalidity of their title. And, even though evidence had been offered upon this question, under the rule in this jurisdiction, this evidence could not have provided the basis for a default judgment, since the only allegation relied upon was merely a conclusion of law, upon which issues cannot be joined. Such rule obtains in all types of actions. See Smith v. S. Kaufman & Co., supra; Smith v. Board of Com'rs of Roger County, 26 Okl. 819, 110 P. 669; Hoover v. Board of Com'rs of Garvin County, supra.

■ The inherent power of a court of equity to grant relief by removal of a cloud from a litigant's title has for its purpose adjudication of the claim that some interest in property, adverse to the complainant's asserted interest, is valid. See generally 44 Am.Jur., Quieting Title, 1. The court's jurisdiction in such matters does not and cannot extend to adjudication of matters neither properly raised by the pleadings nor supported by proof. This seems particularly true here, where the face of the record reflects that plaintiffs were granted a decree quieting title as against a paramount, outstanding title, with the uncommon result that they thus were permitted to enhance the extent of their estate in property by acquisition of an interest which, on the face of the record, plaintiffs never had owned.

Plaintiffs call attention to our decision in Brown v. Higby, 191 Okl. 173, 127 P.2d 195, wherein the rule laid down in the annotation in 128 A.L.R. 427 is approved to the effect that a default judgment may support a plea of res judicata in a later action on the same subject matter, the default judgment being as conclusive upon whatever is necessary to support it as though it had been rendered after answer and contest. We note, however, that the annotation cites Rhodabarger v. Childs, 120 Okl. 88, 250 P. 489, as reflecting recognition of the rule by this court. Examination of this case re-

veals that the rule is applied to a default judgment rendered upon personal service. And, the Higby case, supra, recognizes the rule in those instances where a right, question or fact is distinctly put in issue and directly determined by a court of competent jurisdiction.

In the present case the plea of res judicata is based upon a default judgment rendered upon publication service. The petition alleged only a conclusion of law, without allegation of any matters from which such conclusion could be drawn. Thus no issue was presented by the pleadings for the trial court's direct determination, and it was beyond the trial court's jurisdiction to render judgment purporting to quiet title. The trial court erred in decreeing that the purported judgment in the original quiet title action was res judicata of the issues presented in this case. The judgment is reversed and the cause remanded for further proceedings.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.