Leona B. CRAIN, Plaintiff in Error,

v.

FARMERS UNITED COOPERATIVE POOL,
a Corporation, Defendant in Error.

No. 42008.

Supreme Court of Oklahoma.

July 14, 1970.

E. Blumhagen, Watonga, for plaintiff in error.

Clyde E. Robinson, Watonga, and A. H. Huggins, Connie V. Southern, Norman, for defendant in error.

G. D. Ashabranner, Oklahoma City, amicus curiae.

McINERNEY, Justice.

The single question presented is whether the petition in a 1941 quiet title action sufficiently stated a cause of action to support a judgment rendered thereon. If the challenged petition stated a cause of action, then the judgment on appeal here, rendered on a 1965 cross-petition collaterally attacking the 1941 judgment, must be reversed. We hold that the 1941 petition stated a cause of action and reverse.

The plaintiff in the trial court in both 1941 and 1965 was Leona B. Crain. Farmers United Cooperative Pool, a corporation, was one of numerous defendants in 1941 and is one of two defendants in 1965. The parties to this appeal will be referred to by descriptive name.

■ Crain filed a petition to quiet title to a fee simple estate in 160 acres in 1941. Crain alleged, generally, that she was the owner in fee simple and in possession of the real property, describing it, and that numerous named defendants, including Farmers, claimed an interest adverse to the plaintiff Crain. The origin or basis of the adverse claim was not alleged. Crain alleged that the unknown adverse claims of the defendants were a cloud upon the plaintiff's title, prayed that the defendants appear and assert their adverse claims or be forever barred from asserting them, and that her title be quieted. Farmers was personally served with a summons, and the attorneys representing Crain and Farmers corresponded concerning the action. Farmers defaulted and a judgment was rendered quieting Crain's title against any adverse claim of Farmers.

Crain alleged the essential averments of the then applicable quiet-title statute, 12 O.S.1941, § 1141. Measured by that statute, the petition sufficiently stated a cause of action against Farmers. Ziska v. Avey, 36 Okl. 405, 122 P. 722 (1912); Hurst v. Hannah, 107 Okl. 3, 229 P. 163 (1924); Turner v. McNeal, 118 Okl. 238, 247 P. 39 (1926); Stolfa v. Gaines, 140 Okl. 292, 283 P. 563, 567 (1930); Roxoline Petroleum Co. v. Craig, 150 Okl. 148, 300 P. 620 (1931); McGrath v. Majors, 179 Okl. 500, 66 P.2d 915 (1937).

In 1965, Crain commenced a second quiet-title action by a petition containing the same general allegations. Farmers filed a cross-petition asserting a paramount mineral estate by virtue of a prior mineral deed from a common grantor of Crain and Farmers. The trial court held that the 1941 petition failed to state a cause of action against Farmers, that the court in 1941 was without jurisdiction to render judgment on the petition, and that the judgment was void. Judgment was rendered in 1966 for Farmers on its cross-petition.

There is no explanation offered by respective counsel for the failure of the 1941 petition to allege accurately the mineral estate of Farmers or of the failure of Farmers to defend the action. We reach our decision on the posture of the respective parties in 1965 after the rendition of the default judgment based on the pleadings and personal service in 1941.

■ The 1941 petition stated a cause of action for the reasons announced in *Ziska* and the cases following *Ziska* cited above. The district court had the parties before it and the power to grant the relief sought on a proper petition. Goldsmith v. Owens, 180 Okl. 268, 68 P.2d 849 (1937). The asserted insufficiency of a petition would not divest the court of jurisdiction. McDougal v. Rice, 79 Okl. 303, 193 P. 415 (1930); Welfare Federation Act Com. of 1000 v. Richardson, Okl., 281 P.2d 428, 431 (1955).

■ The 1965 cross-petition of Farmers, under these circumstances, must be viewed as a collateral attack on the 1941 decree. Goldsmith v. Owens, supra; Collingsworth et al. v. Hutchison, 185 Okl. 101, 90 P.2d 416, 418 (1939); Bomford v. Socony Mobil Oil Co., Okl., 440 P.2d 713, 716 (1968). We hold that the 1941 judgment rendered on a petition alleging that Crain was the fee simple owner and in possession of property, describing it, and that Farmers claimed some unspecified adverse interest constituting a cloud upon Crain's title, stat-

ed a cause of action. Farmers was properly before the court by virtue o'f personal service of summons. Farmers was, therefore, obligated to interpose the asserted paramount mineral interest in that action. Farmers declined, and the 1941 judgment rendered on behalf of Crain is valid.

Farmers cites Bates v. Old Mac Coal Co., Okl., 271 P.2d 315 (1954); Churchill v. Muegge, Okl., 323 P.2d 339 (1958), and some mortgage foreclosure cases, in support of the contention that the 1941 judgment is void and the 1965 judgment on its cross-petition is valid. Actions to enforce a lien created by a mortgage present special problems under different statutes not present in a statutory action to quiet title to real property pursuant to 12 O.S.1961, § 1141. Our holding in the present case is a narrow one involving only the sufficiency of a petition in 1941 to state a cause of action in a quiet-title suit pursuant to § 1141, supra, and to support a judgment rendered thereon. The statute, § 1141, supra, and its interpretation, rather than decisional law in mortgage foreclosure actions, controls disposition of this case.

In Bates, the challenged petition alleged a paramount interest outstanding in defendants who were served by publication when their whereabouts were easily ascertainable. The 1941 petition of Crain did not allege a paramount interest outstanding in Farmers. The conclusion in Bates relating to the insufficiency of the petition when it contains allegations of a paramount title are, therefore, not applicable.

The decision in Churchill v. Muegge, supra, relied on the rule announced in Bates, without noting the difference in the petitions involved, in reaching the same result. In Muegge, as here, the petition did not allege a paramount title outstanding in a named defendant. We find no essential difference in the 1945 petition in Muegge, collaterally attacked in 1956, and the 1941 petition here.

The conclusion in Muegge is not supported by the factual limitations in Bates and is contrary to the rule announced in Ziska. Moreover, it constitutes an unwarranted extension of the rule in Bates. To the extent that our expressions in Muegge may be construed as being in conflict with the conclusion reached herein regarding the sufficiency of a 1941 petition in a quiet-title action under § 1141, supra, the rule announced in Muegge is disapproved.

Our inquiry into the validity of the 1941 decree is limited to the judgment roll. It is apparent from an examination of Muegge that the court there went beyond the judgment roll to declare the judgment based on publication service void. The security of ownership of the absentee defendants was, thereby, protected. Kuntz, Discussion Notes, 8 Oil and Gas Report, 1093 (1958). Moreover, whatever the impact of Bates in 1954 and Muegge in 1958, Crain is clearly protected here by our pronouncements that were extant and effective in 1941 when the judgment in question was granted. Neither Bates nor Muegge specifically overruled Ziska, and the line of cases following Ziska, cited above. The rule in Bates does not apply here on the facts, and the rule in Muegge did not retroactively invalidate the 1941 judgment. Curtis v. Barby, Okl., 366 P.2d 616 (1961).

Subsequent events have undermined the continuing validity of the rule announced in Bates. Following the pronouncements in Bates the legislature enacted, in 1957, an amendment to § 1141, supra, returning us to the state of the law enunciated in Ziska. See also 12 O.S.1961, § 236a for a further legislative expression.

■ It is expected that the trial bench will conduct a meaningful inquiry into the merits of a quiet title action against named defendants before pronouncing judgment in order that the court may exercise the duty of adjudication rather than the perfunctory process of registration of a judgment. The recitation in a journal entry that evidence has been presented as a foundation for the entry of the decree supports the conclusion of validity of the judgment. Choctaw County Excise Board v. St. Louis-San Francisco Ry. Co., Okl., 456

P.2d 545, 548 (1969). The recital should, therefore, be based on fact.

We hold that the 1941 petition of Crain, examined in the light of our applicable pronouncements at that time, did state a cause of action and does support the judgment collaterally attacked by Farmers in this case.

Reversed and remanded with directions to enter judgment for the plaintiff.

All the Justices concur.