Thomas Henry WOOTTEN, Executor of the Estate of John B. Wootten, Deceased, Thomas Henry Wootten, Trustee of the Marion B. Wootten Trust, Thomas Wootten aka Thomas H. Wootten, aka Thomas Henry Wootten, Janice Wootten Bond, aka Janice Bond, Marion B. Wootten, John B. Wootten, Jr., William Robert Wootten, Appellees,

v.

J.F. ASKEW, aka Floyd Askew, aka J. Floyd Askew and Eleanor D. Askew, husband and wife, Appellants.

No. 54811.

Supreme Court of Oklahoma.

April 5, 1983.

Rehearing Denied Sept. 13, 1983.

Terry R. Barrett, Laurence M. Huffman, McAffee & Taft, Oklahoma City, for appellees.

John F. Eberle, Oklahoma City, for appellants.

**1124**

SIMMS, Vice Chief Justice:

Certiorari was granted to review a decision of the Court of Appeals, Division II, voiding a 1949 default judgment on a quiet title action. The controversy arose over the following sequence of events:

In 1908 a homestead patent was given to Julius and J.F. Askew (father and son) from the Chickasaw nation. In 1926 they conveyed their interest to J.L. Hart purporting to retain "½ of ⅛ of all oil and gas that may be produced from" the 160 acre tract. The Hart family took out a mortgage on the property and it was foreclosed. John B. Wootten, appellees' predecessor in title, received a Sheriff's deed to the property in 1935 after the mortgage foreclosure. This deed was executed subject to the mineral reservation made by Julius and J.F. Askew in the deed to Hart. In 1934 Julius executed a mineral deed to his son, J.F. Askew. In 1948 J.B. Wootten and his wife conveyed the surface estate and an undivided ½ of the mineral estate to W.E. Melton, an attorney. Both Wootten and Melton joined as plaintiffs in a quiet title action filed in 1948 against the Askews as well as eighty other defendants. They obtained service by publication over the Askews having sworn out an affidavit in accordance with 12 O.S.1941, § 171, that personal service could not be obtained over the defendants. Judgment was entered June 18, 1949, quieting title in favor of the plaintiffs in that action; the journal entry recited "and the court having examined the publication service in this cause endorsed its approval upon the proof of publication and adjudges and decrees such service to be in all things legal, valid and sufficient."

In 1976 a producing oil well was completed on the property. An oil company title examiner questioned the purported 1926 reservation of mineral interests in the deed from the Askews to J.L. Hart and refused to pay J.B. Wootten's heirs and beneficiaries. Because of this, the latter brought another quiet title action, pleading the 1949 judgment as conclusive of their rights, i.e., that the reservation was void and J.L. Hart took both surface and mineral rights. The

Askew's collaterally attacked the 1949 judgment as defendants, claiming the 1949 court lacked jurisdiction and therefore the judgment was void.

By summary judgment entered January 24, 1980, the trial court held that the 1949 quiet title judgment was valid on its face and unassailable by collateral attack. The court quieted title in the Woottens to a ½ mineral interest in the property free from any claim by the Askews. The trial court specifically found that the petition in the 1949 quiet title action stated facts sufficient to constitute a cause of action and that the service by publication was proper, thus confirming both the subject matter and personal jurisdiction of the 1949 court.

The Court of Appeals reversed the trial court, holding the 1949 judgment void because the petition's alleged facts were insufficient to state a cause of action under *Bates v. Old Mac Coal Co.*, Okl., 271 P.2d 315 (1954) and because of defective service by publication. Extrinsic evidence relied on by the Court of Appeals indicated that due diligence would have resulted in personal service of the Askews.

The Woottens sought certiorari to this Court and it was granted for the resolution of the following issues:

(1) Whether *Bates v. Old Mac Coal Co.* was properly applied;

(2) The propriety of looking beyond the judgment roll to invalidate the 1949 judgment.

I

Of central importance to the resolution of this action is the effect of *Bates v. Old Mac Coal Co., supra. Bates,* factually distinguishable from the instant case in that it concerned the "paramount title" doctrine, held that in a quiet title action where service was by publication and a default judgment was entered, if the petition did not allege facts sufficient to constitute a cause of action the judgment was void for lack of subject matter jurisdiction.

Appellees, Woottens, argue that *Bates,* decided in 1954, is not applicable to a

1949 judgment. We agree. Prior judgments attacked collaterally must be scrutinized in accordance with the terms of the law in existence at the time of the rendition of the judgment. *Crain v. Farmer's United Cooperative Pool,* Okl., 472 P.2d 882 (1970). Further, in *Curtis v. Barby,* Okl., 366 P.2d 616 (1961) we stated:

"Reason dictates and the validity and finality of judgments require that when a litigant obtains a valid and binding judgment, rendered pursuant to and in accordance with rules of procedure approved by this Court, a subsequent opinion promulgated by this Court approving a different procedure should not vitiate or affect the validity of such previous valid and binding judgment." at 622.

Prior to and during 1949 the rule as to sufficiency of petitions in quiet title action was that of *Ziska v. Avey,* 36 Okl. 405, 122 P. 722 (1912); it was considered sufficient if the bill of complaint embodied the essential averments of the statute. *Piland v. Craig,* Okl., 194 Okl. 666, 154 P.2d 583 (1945) set out the basic requirements:

"... in an action to quiet title, petition alleging that plaintiff is the owner and in possession of realty in controversy and that defendant is claiming some right, title or interest therein adverse to the plaintiff, which claim is a cloud on plaintiff's title is sufficient to state a cause of action."

Citing *McGrath v. Majors,* 179 Okl. 500, 66 P.2d 915; *Turner v. McNeal,* 118 Okl. 238, 247 P. 39.

Under this standard, then, the 1949 petition did state a cause of action and the judgment would not be void. The *Bates* decision, having no retroactive effect, and undermined as it is by amendment to 12 O.S.1981, § 1141 [1] and *Crain, supra,* should not have been applied. We would be remiss in our duty to guard against attempts to upset settled titles by imposing requirements which did not exist previously, were we to allow *Bates* to invalidate the publication process in this 1949 case. See, *Bomford v. Socony Mobil Oil Co.,* Okl., 440 P.2d 713 (1968).

## II

Also at issue is whether matters outside the judgment roll may be examined for a determination of the validity of publication service and therefore of the judgment. Prior case law dictates that a search of extrinsic evidence is improper. *Bomford, supra,* after examining prior decisions, held that where the journal entry recites that the court has examined the affidavit and proof of publication and has approved the same, such recital is an effective adjudication of compliance with the publication statutes [2] and the judgment is presumed valid *unless the recital is affirmatively negatived on the face of the judgment roll.* 440 P.2d at 720.[3] The journal entry of judgment from the 1949 quiet title action satisfied the *Bomford* requirements.[4]

Because nothing appeared in the record to contra-indicate the 1949 trial court finding, no reference should have been made to an affidavit made by J.F. Askew stating he

---

1. § 1141: "An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession. The person or persons bringing such action shall not be required to allege the particular estate or interest claimed adversely by the person or persons against whom the action is brought, but may allege that the defendants' claim is adverse to that of the plaintiffs."

2. 12 O.S.1961, § 174.

3. *Bomford* suggested, however, that the better practice would be to make a general finding on the factual issue of due diligence rather than merely reciting that the publication service was proper.

4. The Journal Entry reads: "... and it appears to the court, and the court so finds, that all the defendants in this cause have been duly and legally served with summons either personally or by publication; and the court having examined the publication service in this cause endorsed its approval upon the proof of publication and adjudges and decrees such service to be in all things legal, valid and sufficient."

was available for personal service. Likewise, consideration of a deed not part of the record was improper. See, *Barton v. Alpine Investments,* Okl., 596 P.2d 532 (1979), *cert. den.* 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667.

COURT OF APPEALS OPINION VACATED. DECISION OF TRIAL COURT AFFIRMED.

All the Justices concur.