Bill CURLEE, Appellant,

v.

John NORMAN, Ed Norman, Norman Drug, City of Faith Hospital, and Dennis R. Staggs, Appellees.

No. 69758.

Court of Appeals of Oklahoma, Division No. 2.

April 25, 1989.

J. David Cawthon, Henson, Laster and Henson, Shawnee, for appellant.

R. Victor Kennemer, Wewoka, for appellees Normans and Norman Drug.

Richard D. Wagner, Knight, Wagner, Stuart, Wilkerson and Lieber, Tulsa, for appellee Hospital.

MEANS, Judge.

Plaintiff appeals from the trial court's order which sustained Defendants' motions to dismiss for failure to state a cause of action for which relief could be granted. Having reviewed the record and applicable law, we reverse and remand.

Plaintiff filed this action in April 1987, against a doctor, two pharmacists, a pharmacy, and a hospital, alleging that their "combined negligence" had caused him "to incur medical expenses, ... to undergo unnecessary, painful surgeries, and had caused [him] great bodily injury of a permanent and disabling nature." In response, the hospital, pharmacists, and pharmacy filed motions to dismiss pursuant to 12 O.S.Supp.1988 § 2012(B)(6). The trial court sustained Defendants' motions and granted Plaintiff leave to amend his petition.

Plaintiff's amended petition was nearly identical to his first petition except that it added the specific or approximate dates during which the alleged negligence occurred, fulfilling a requirement of 12 O.S.

Supp.1988 § 2009(F). Defendants once again filed motions to dismiss, and the trial court again sustained the motions and granted leave to amend. Plaintiff's second amended petition was followed once more by Defendants' motions to dismiss pursuant to subsection 2012(B)(6). This time the court refused to allow further amendments and dismissed Plaintiff's action without prejudice. Plaintiff has appealed.

■ On appeal to this court, Plaintiff argues that Defendants failed to comply with the terms of subsection 2012(B)(6). This court agrees.

Subsection 2012(B), specifically states:

A motion to dismiss for failure to state a claim upon which relief can be granted shall separately state each omission or defect in the petition, and *a motion that does not specify such defects or omissions shall be denied without a hearing* and the defendant shall answer within twenty (20) days after notice of the court's action. (Emphasis added.)

Although Oklahoma's new pleading code was patterned after the Federal Rules of Civil Procedure, the Committee Comment to subsection 2012(B), makes note of the language which Oklahoma added to Federal Rule 12(B). As the Committee Comment states, the requirement of specificity in the motion to dismiss "is intended to prevent frivolous motions and give better notice to the other party of the grounds for the motion." 12 Okla.Stat.Ann. § 2012 (West Supp.1989).

In spite of the clear requirement of subsection 2012(B), none of the six motions to dismiss filed below contains a separate statement of omissions or defects in the petition. As Plaintiff notes, four of Defendants' motions contain a mere one-sentence paragraph stating that the dismissal is "for the reasons and upon the grounds that said Petition fails to allege any cause of action for which relief can be granted." Nothing in this statement apprises Plaintiff of any defect which he needs to cure.

Instead of specifically listing omissions or defects, Defendants' motions merely list the case of *Bates v. Old Mac Coal Co.*, 271 P.2d 315 (Okla.1954). Plaintiff rightfully states that *Bates* was decided under the pleading rules which required parties to allege ultimate facts which were to be established, not mere legal conclusions. *Bates* is further inapplicable in that it involved a quiet title action where the asserted right to property was based in part on a plea of res judicata. The res judicata claim arose from a default judgment which had been rendered upon service by publication. The petition which supported the default judgment had alleged only conclusions of law and provided no basis to establish a chain of title which could later be used to render judgment in a quiet title action. *Id.* at 318. Thus, *Bates* affords no basis for and is inapplicable to a motion to dismiss under the present pleading code.

Defendants state that Plaintiff had no idea which of their acts constituted negligence. This statement is supported by a reference to comments made by Plaintiff at one of the hearings. This alleged hearing was not transcribed and Defendants' references to such comments are totally unsupported by the record on appeal.

■ We find the trial court abused its discretion in light of the fact that Defendants' motions failed to comply with the requirement of subsection 2012(B). We further find that the court failed to construe Plaintiff's petition "in the light most favorable to Plaintiff." *In re Longhorn Securities Litigation*, 573 F.Supp. 278 (W.D.Okla.1983). Title 12 O.S.Supp.1988 § 2008(A), under "General Rules of Pleading," requires:

A. CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain:

1. A short and plain statement of the claim showing that the pleader is entitled to relief; and

2. A demand for judgment for the relief to which he deems himself entitled.

The Committee Comment, 12 Okla.Stat. Ann. § 2008 (West Supp.1989), observes:

Adopted with almost no changes from Federal Rule of Civil Procedure 8, this

section is the essence of a simplified pleading code. By substituting the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" for a recitation of "facts constituting a cause of action," the rule narrows the function of pleadings to that of giving "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 [78 S.Ct. 99, 102, 2 L.Ed. 2d 80] (1957). This acknowledges that modern devices such as discovery, pretrial conferences, and summary judgments are more effective methods of performing the functions of disclosing the factual and legal issues in dispute, pretrial planning, and disposing of frivolous or unfounded claims and defenses which historically were performed by the pleadings. See generally C. Wright, Law of Federal Courts 438–40 (4th ed. 1983). By omitting any reference to facts, the Oklahoma Pleading Code, like the Federal Rules of Civil Procedure, avoids the confusion and controversy as to distinctions between evidence and conclusions of law, which were improper matters to be pleaded under the former scheme, and ultimate facts, which were proper items to be pleaded. Section 2008 does not prohibit the pleading of facts or conclusions of law as long as the pleading gives fair notice of the nature of the claim asserted. See *Davis v. Passman,* 442 U.S. 228 [99 S.Ct. 2264, 60 L.Ed.2d 846] (1979); *United States v. Employing Plasterers Ass'n,* 347 U.S. 186, 188–89 [74 S.Ct. 452, 453, 454, 98 L.Ed. 618] (1954); 5 C. Wright and A. Miller, Federal Practice and Procedure 133–38 (1969).

In *Gay v. Akin,* 766 P.2d 985, 990 (Okla. 1988), the court acknowledged the Federal Rules as the "progenitor of our pleading code." The court summarized the requirement of section 2008, in the following:

The Federal Rules collectively, and specifically those rules governing pleading, were designed to simplify and modernize the litigation process. Oklahoma's adaptation of the Federal Rules indicates her desire to further these objectives. Federal Rule 8(a)(1), Federal Rules of Civil Procedure, and Oklahoma's counterpart, 12 O.S.Supp.1984 § 2008(A)(1), illustrate the modern code's liberal approach to pleading which requires only a "short and plain statement of the claim" consisting of "simple, concise and direct" averments showing that the pleader is entitled to relief.

*Id.* at 992–93 (footnotes omitted). Particular pleading requirements include "only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses." *Id.* at 993 (footnote omitted). Such specifications include time and place, but not evidence or "detailed evidentiary matters." *Id.* (footnotes omitted).

As the comment to section 2012 states: "[A] petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Committee Comment, 12 Okla.Stat.Ann. § 2012 (West Supp.1989). *See also, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Hudson v. Harris,* 478 F.2d 244, 246 (10th Cir.1973) (per curiam). A reading of the petition does not show beyond a doubt that Plaintiff could prove no set of facts which would entitle him to any relief. The petition includes enough specificity to enable the defendants to respond.

The order dismissing Plaintiff's cause of action is reversed and the case is remanded for further proceedings.

STUBBLEFIELD, J., concurs.

BACON, J. (sitting by designation), dissents.

BACON, Judge, dissenting.

I dissent. While I agree that the motion to dismiss should be more specific, I would affirm the trial court based upon *Wiley Electric, Inc. v. Brantley,* 760 P.2d 182 (Okla.1988), and *Hatchell v. Hebeisen,* 15 Okla. 354, 82 P. 826 (1905).